**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CR-04-115-HE |
| | ) | NO. CIV-06-1038-HE |
| DROSSOS J. TILIAKOS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Drossos J. Tiliakos pled guilty to a single count of aiding and abetting the knowing disposal of hazardous waste and was sentenced to a 16 month term of imprisonment, with 24 months of supervised release.[1] The court also imposed a $10,000 fine and a special assessment of $100. Judgment was entered on October 13, 2005. The defendant did not appeal, but, on September 19, 2006, filed a motion challenging his conviction and sentence pursuant to 28 U.S.C. § 2255.[2] In his motion the defendant contends that his attorney was ineffective because he refused to file an appeal, failed to meet with him, and refused to offer evidence pertaining to Blastox, a material claimed to be capable of rendering lead waste nonhazardous. The defendant also asserts as a ground for relief that,

---

[1]*The defendant pled guilty to Count 3, which charged him with having "knowingly and willfully caused the disposal of hazardous waste, namely blasting waste contaminated with lead in excess of acceptable levels, which waste was placed in East Oak Landfill, a facility not authorized to accept or dispose of hazardous waste." Superseding Indictment, Count 3.*

[2]*In his addendum to his § 2255 motion, the defendant requests an evidentiary hearing and that counsel be appointed to assist him.*

after 1994, he was the foreman and not the owner of the company involved in the offense.[3]

In an addendum to his § 2255 motion the defendant has submitted numerous documents, including medical records, letters of reference, material about Blastox and a letter he wrote to the court clerk, dated September 13, 2006. The government has responded to the defendant's motion, arguing that the grounds for relief lack merit or were waived by the defendant.

As part of his plea agreement the defendant waived his right to appeal or collaterally challenge his guilty plea or, except in limited circumstances, his sentence. Plea Agreement, ¶7(a)-(c). Such plea agreements generally are enforceable.[4] United States v. Porter, 405 F.3d 1136, 1142 (10th Cir. 2005), *cert. denied,* ___U.S. ___ (2005); United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001). However, ineffective assistance of counsel claims "challenging the validity of the plea or the waiver" are preserved. Cockerham, 237 F.3d at 1187. Collateral attacks based on ineffective assistance of counsel claims that fall outside that category are waivable. *Id.*

The defendant's motion is ambiguous. While he claims ineffective assistance of

---

[3]*The distinction is immaterial as 42 U.S.C. § 6928(d)(2) proscribes certain conduct by "[a]ny person," defined as "an individual ...." 42 U.S.C. § 6903(15). The court also was aware that the defendant did not own the company in 2002. See Transcript of Plea of Guilty, p. 14.*

[4]*The Tenth Circuit held in Cockerham that "a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." Cockerham, 237 F.3d at 1183.*

counsel, it is unclear whether he is asserting that his attorney's alleged ineffectiveness affected the validity of his plea to the federal charge or is challenging counsel's conduct at sentencing. In his § 2255 motion and its addendum the defendant does not specifically claim to be innocent. He does, however, assert his innocence in a prior letter submitted to the court, dated July 31, 2006.[5] In that letter and the addendum he argues that he used Blastox on the project in question to make the waste material nonhazardous and had hired Mike Zackery, who was certified and licensed for environmental work, to have samples sent to a laboratory for analysis and then complete the paper work. The defendant blames Zackery for the offense, asserting that he told the defendant the waste material was nonhazardous.

Construing the § 2255 motion liberally to include a claim that the defendant's guilty plea was invalid or involuntary because of his innocence and counsel's deficient performance (his failure to consider exonerating evidence), the court finds the defendant's submissions are insufficient to establish his actual innocence.

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

United States v. Cervini, 379 F.3d 987, 991-92 (10th Cir. 2004) (quoting Schlup v. Delo,

---

[5]*The letter [Doc. #133] was placed in the court file by the court clerk, who advised the defendant that it was inappropriate to correspond with a judicial officer and that any request regarding his case should be made by filing a motion or application. The court clerk also told the defendant that his letter would be placed in the court file for information purposes only. See Doc. #134. The defendant subsequently filed his § 2255 motion.*

3

513 U.S. 298, 324 (1995), *cert. denied,* 544 U.S. 904 (2005).[6] The unsubstantiated assertions in the defendant's two letters and the materials submitted with them do not meet the Schlup standard.  The defendant's claim of innocence also contradicts his admissions during the change of plea hearing that he had "authorized and caused" blasting waste found through testing to be hazardous because it contained lead in excess of acceptable levels, to be disposed of at a facility that did not have a permit to dispose of hazardous waste.  Transcript of Plea of Guilty, pp.16-17.[7]

For essentially the same reasons the defendant has not established that counsel's alleged constitutionally ineffective performance affected the outcome of the plea process. Hill v. A.L. Lockhart, 474 U.S. 52, 59 (1985) (To satisfy the prejudice prong of the Strickland v. Washington test in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").  The court also finds no basis for concluding that the plea was otherwise involuntary.  The defendant does not assert in his motion or other materials that he wants to have his guilty plea vacated and proceed to trial.

---

[6]*In Cervini the Tenth Circuit was considering whether the defendant had made a sufficient showing of actual innocence to overcome the procedural bar that would otherwise preclude consideration of the merits of his defaulted claims.  Here the government did not raise procedural bar, but relied on the plea waiver and, alternatively, addressed the merits of the defendant's claims.*

[7]*The court has concluded an evidentiary hearing is not required.  See generally Cervini, 379 F.3d at 992-94.  The limited (if any) probative value of the defendant's submissions combined with their lack of reliability do not warrant further exploration.*

*See generally* Hill, 474 U.S. at 60. The transcript of the change of plea hearing also reflects a knowing and voluntary plea. The court engaged in an extensive plea colloquy with the defendant and concluded that the defendant was knowingly and voluntarily pleading guilty. Transcript of Plea of Guilty, pp. 6-22.

Therefore, to the extent the defendant's § 2255 motion is based on his counsel's conduct in conjunction with his plea, it fails. If, however, the defendant's claim is based on counsel's conduct at sentencing,[8] it falls within the scope of his plea agreement waiver, *e.g.* Cockerham, 237 F.3d at 1187, as do his allegations that counsel failed to meet with him and file an appeal. United States v. Thomas, No. 02-3145, 2002 WL 31323474 (10th Cir. Oct. 16, 2002) (defendant's claim that his counsel failed to file a notice of appeal did not relate to the validity of the defendant's plea agreement or its waiver provision and, as a result, was waived). *Accord* United States v. Garcia-Sanchez, No. 04-4152, 2005 WL 1324191 (10th Cir. June 3, 2005) (attorney's failure to file notice of appeal had "no bearing on whether [the defendant] entered the plea agreement and waiver knowingly and intelligently"). The defendant does not argue, and the court finds no basis for concluding, that the waiver was unknowing or involuntary. There also has been no showing that enforcement of the waiver would result in a miscarriage of justice. *See* Porter, 405 F.3d at 1143 (defendant must establish at least one of four circumstances to prove that enforcement of appellate waiver

---

[8]*As construed by the government, the defendant is alleging in his § 2255 motion that his attorney failed at the sentencing hearing to offer evidence of his use of Blastox on the project in question.*

would result in a miscarriage of justice). Even if not waived, these claims, which are conclusory and without supporting factual averments, would fail if considered on their merits.

Accordingly, the court finds the defendant's claims are either barred by the waiver on collateral attacks contained in the plea agreement or fail on the merits. The defendant's §2255 motion [Doc. #135] is therefore **DENIED**, as are his requests for an evidentiary hearing and appointed counsel.

**IT IS SO ORDERED**.

Dated this 18th day of January, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE